IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00707-LTB-BNB

In re: Third Party Summonses:

PRIVATE CITIZEN CHARLES A. RADCLIFFE,

Complainant,

v.

INTERNAL REVENUE SERVICE;
IRS REVENUE AGENT GINGER WRAY, and
GROUP MANAGER CINDY HUTCHESON,

Respondents.

_____

**ORDER**
_____

This matter is before me on the **United States' Motion to Dismiss** [Doc. # 5, filed 6/16/2006] (the "Motion to Dismiss").  The respondents seek dismissal of this action for lack of subject matter jurisdiction.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness

> of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

The petitioner initiated this case by filing a document entitled Petition to Quash Third Party Summonses [Doc. #1, filed April 14, 2006] (the "Petition"). The petitioner seeks an order quashing a third party summons (the "Summons") issued by the Internal Revenue Service ("IRS") to the Bank of the West. The petitioner asserts that the Summons must be quashed because he was not provided notice of the Summons as required by 26 U.S.C. § 7609(a)(1).

The respondents move to dismiss the Petition for lack of subject matter jurisdiction arguing that the Summons is exempt from the notice requirements because it was issued in aid of collection of federal income taxes pursuant to 26 U.S.C. § 7609(c)(2)(D). The respondents present a factual challenge to subject matter jurisdiction. The respondents' challenge to jurisdiction is dependent on the same statute which provides the petitioner's substantive claim in the case. Therefore, I convert the respondents' Rule 12(b)(1) motion to dismiss into a Rule 56 summary judgment motion. Holt, 46 F.3d at 1003.

In order to afford the parties an opportunity to fully brief the matter pursuant to Rule 56,

the parties may submit additional briefs, including additional evidence of whether the Summons was issued in aid of collection of federal income taxes.

IT IS ORDERED that the United States' Motion to Dismiss is converted to a motion for summary judgment.

IT IS FURTHER ORDERED that the respondents may submit additional briefing on or before **January 18, 2007**, and the petitioner may submit additional briefing on or before **February 1, 2007**.

Dated January 4, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge