IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00707-LTB-BNB

In re: Third Party Summonses:

PRIVATE CITIZEN CHARLES A. RADCLIFFE,

Complainant,

v.

INTERNAL REVENUE SERVICE;
IRS REVENUE AGENT GINGER WRAY, and
GROUP MANAGER CINDY HUTCHESON,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **United States' Motion to Dismiss** [Doc. # 5, filed 6/16/2006] (the "Respondent's Motion"). Also before me is the **Cross Motion for Summary Judgment on Petition to Quash Third Party Summonses** [Doc. #13, filed 7/12/06] (the "Petitioner's Motion") filed by Charles Radcliffe (the "petitioner"). I respectfully RECOMMEND that the Respondent's Motion be GRANTED; the Petitioner's Motion be DENIED; and that this action be DISMISSED for lack of subject matter jurisdiction.

## I.  STANDARD OF REVIEW

The petitioner is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* petitioner. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The respondents seek dismissal of this action for lack of subject matter jurisdiction. The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, to designate specific facts showing that there is a genuine issue for trial. Id. at 324.

## II.  BACKGROUND

The petitioner initiated this case by filing a document entitled Petition to Quash Third Party Summonses [Doc. #1, filed April 14, 2006] (the "Petition"). The petitioner seeks an order quashing a third party summons (the "Summons") issued by the Internal Revenue Service ("IRS") to the Bank of the West.

## III.  ANALYSIS

### A.  Proper Respondent

As a preliminary matter, the respondents move to substitute the United States of America as the proper respondent in this case. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Dugan v. Rank, 372 U.S. 609, 620 (1963) (internal quotations and

citations omitted). The petitioner brings this action against the IRS; an IRS Revenue Agent, Ginger Wray; and an IRS Group Manager, Cindy Hutcheson, based upon the issuance of an administrative summons. The petitioner seeks an order quashing the summons. As a result, the United States is the proper respondent in this case. I respectfully RECOMMEND that the United States of America be substituted for respondents IRS, Ginger Wray, and Cindy Hutcheson.

### B. Respondent's Motion

The petitioner alleges that on April 10, 2006, he received a letter from Bank of the West informing him that the bank had been served with a Summons. *Petition*, ¶ IV and first attachment to Petition. The Summons was served by Ms. Wray and approved by Ms. Hutcheson under the authority of the IRS. Id. at second attachment to Petition. The Summons requires that a representative of the bank appear before Ms. Wray to give testimony and to produce for examination data relating to the tax liability or the collection of the tax liability of the petitioner. Id.

The petitioner asserts that the Summons must be quashed because he was not provided notice of the Summons as required by 26 U.S.C. § 7609(a)(1). The respondent moves to dismiss the Petition for lack of subject matter jurisdiction on the basis that the Summons is exempt from the notice requirements because was issued in aid of collection of federal income taxes pursuant to 26 U.S.C. § 7609(c)(2)(D). The respondent presents a factual challenge to subject matter jurisdiction. The respondent's challenge to jurisdiction is dependent on the same statute which provides the petitioner's substantive claim in the case. Therefore, on January 4, 2007, I converted the Respondent's Motion into a Rule 56 summary judgment motion and provided the parties the opportunity to submit supplemental briefing. [Doc. #18].

The respondent asserts that it has only waived its sovereign immunity for an individual to bring a proceeding to quash a summons if that individual was entitled to notice of a summons under § 7609. The respondent argues that, because the notice requirement does not apply to the petitioner, the petitioner does not have standing to bring this action and the Petition is barred by sovereign immunity.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3).

The petitioner asserts jurisdiction under 26 U.S.C. § 7609(b)(2).[1] *Petition*, p. 2, § II.. Section 7609(b)(2) provides that any person entitled to notice of a summons under § 7609(a) has the right to begin a proceeding to quash a summons. In describing who is entitled to receive notice of a summons, § 7609(a) states:

> If any summons to which this section applies requires the giving of
> testimony on or relating to, the production of any portion of
> records made or kept on or relating to, or the production of any

---

[1] The petitioner also asserts jurisdiction under 26 U.S.C. § 7603. *Petition*, p. 2, § II.. However, § 7603 provides the manner in which service of a summons is to be made; it does not provide a jurisdictional basis.

>     computer software source code (as defined in 7612(d)(2)) with
>     respect to, any person (other than the person summoned) who is
>     identified in the summons, then notice of the summons shall be
>     given to any person so identified within 3 days of the day on which
>     such service is made, but no later than the 23rd day before the day
>     fixed in the summons as the day upon which such records are to be
>     examined. Such notice shall be accompanied by a copy of the
>     summons which has been served and shall contain an explanation of
>     the right under subsection (b)(2) to bring a proceeding to quash the
>     summons.

26 U.S.C. § 7609(a)(1).

Section 7609(c)(2)(D)(i) provides that § 7609 does not apply to any summons "issued in the aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). Thus, a taxpayer is not entitled to notice of a third party summons issued regarding the taxpayer's tax liability when the summons is issued in the aid of the collection of the tax liability. Under these circumstances, there is no standing to bring an action to quash the summons. 26 U.S.C. § 7609(b)(2).

The respondent's evidence establishes that the Summons was issued to aid the IRS in the collection of a tax assessment against the petitioner. *Supplemental Memorandum in Support of United States' Motion for Summary Judgment*, Declaration of Ginger Wray, ¶ 6; Exhibit B, first consecutive page. The petitioner does not provide any evidence to create a material fact dispute. "[I]f a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons." Davidson v. U.S., 149 F.3d 1190, 1998 WL 339541, at *2 (10th Cir. June 9, 1998). Accordingly, I respectfully

RECOMMEND that the Respondent's Motion be GRANTED and that this action be DISMISSED for lack of subject matter jurisdiction.

### C. Petitioner's Motion

The Petitioner's Motion for summary judgment, like the Petition, seeks an order quashing the Summons. The Petitioner's Motion does not establish any material facts, nor does it demonstrate that the petitioner is entitled to judgment as a matter of law. Accordingly, the Petitioner's Motion must be denied for lack of subject matter jurisdiction. In addition, the Petitioner's Motion seeks sanction against the respondents. The petitioner does not provide any basis for the imposition of sanctions. I RECOMMEND that the Petitioner's Motion be DENIED.

### IV. CONCLUSION

I respectfully RECOMMEND that the United States of America be substituted for respondents IRS, Ginger Wray, and Cindy Hutcheson.

I further RECOMMEND that the Respondent's Motion be GRANTED and that this action be DISMISSED for lack of subject matter jurisdiction.

I further RECOMMEND that the Petitioner's Motion be DENIED for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 6, 2007.

> BY THE COURT:
>
> /s/ Boyd N. Boland
> United States Magistrate Judge